STATE OF NEBRASKA, APPELLANT,
V. MELVIN J. RICE, APPELLEE.
695 N.W.2d 418

Filed April 28, 2005. No. S-04-547.

Jon Bruning, Attorney General, and Kevin J. Slimp, and Edward H. Matney, Dakota County Attorney, and Amber L. Hegarty for appellant.

Scott M. Dugan, Dakota County Public Defender, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Melvin J. Rice entered a guilty plea to a reduced charge of driving during revocation, a Class IV felony. After receiving a

standard presentence investigation report and referring Rice to the Department of Correctional Services Diagnostic and Evaluation Center for additional evaluation, the district court for Dakota County sentenced Rice to probation for a term of 36 months under specified terms and conditions. The State of Nebraska, through the Dakota County Attorney, appealed the sentence as excessively lenient, and the Nebraska Court of Appeals affirmed. *State v. Rice,* No. A-04-547, 2004 WL 2937184 (Neb. App. Dec. 21, 2004) (not designated for permanent publication). We granted the State's petition for further review and now conclude that the sentence was excessively lenient. We therefore vacate Rice's sentence and remand the cause with directions for resentencing by a different judge.

## BACKGROUND

The following summary of the pertinent facts is taken nearly verbatim from the unpublished opinion of the Court of Appeals. At approximately 10:30 a.m. on August 11, 2003, Rice was stopped by a deputy sheriff of Dakota County, after a citizen complaint of Rice's erratic driving. Rice was found to have an open container of whiskey in the vehicle, was too drunk to perform the usual field sobriety tests, and could hardly stand. Rice's blood alcohol level was .307. The deputy checked Rice's driver's history and found that his driving privileges were revoked for 15 years after a conviction on February 19, 2002, for third-offense driving under the influence. Through a plea agreement, the original charge from the August 11, 2003, arrest, a Class III felony, was amended to driving during revocation, a Class IV felony, to which Rice pled guilty.

*Previous Convictions.*

Rice's record shows the following pertinent convictions:

*July 1972*—convicted of drunk driving in California (placed on probation for 3 years);

*July 1977*—convicted of driving under the influence in Nevada;

*September 1977*—convicted of drunk driving in California;

*May 1984*—convicted of driving under the influence in Thurston County, Nebraska (sentenced to 7 days in jail with a license revocation for 6 months);

*July 1984*—convicted twice of driving under the influence in Dakota County, Nebraska (fined and placed on probation, from which he was ultimately unsuccessfully released);

*November 1984*—convicted in Dakota County of driving under the influence, third offense, as well as driving under suspension;

*April 1990*—convicted of driving during suspension, second offense, in Dakota County;

*May 1990*—convicted of driving under the influence, third offense, in Dakota County, but charges for driving under suspension and driving left of center were dismissed (sentenced to 3 months in jail, $500 fine, and 15-year loss of driving privileges);

*April 1992*—convicted of driving under suspension, third offense, in Dakota County (sentenced to a 90-day jail sentence, $250 fine, and 2-year license suspension);

*May 1996*—convicted in Douglas County, Nebraska, of driving under the influence, second offense, as well as driving under suspension (sentenced to 90 days in jail, $500 fine, and 1-year license suspension for driving under the influence, plus 24 months of intensive supervision probation for driving under suspension—from which probation he was unsatisfactorily released in November 1997);

*November 1997*—convicted in Dakota County of driving under suspension after driving under the influence, third offense, but a driving under the influence charge was dismissed (sentenced to 9 months in county jail);

*November 1998* and *January 2002*—convicted of public intoxication in Sioux City, Iowa; and

*February 2002*—charged in Dakota County with driving during revocation, driving under the influence, third offense, and having an open container, leading to convictions for driving under the influence, third offense, and driving during revocation (sentenced to 90 days in jail, $600 fine, and 15-year license suspension, and 11 months in jail and $1,000 fine, respectively).

*Presentence Investigation.*

The Nebraska Probation System presentence report for the present offense reveals that Rice was married from 1955 to 1967 and that no children resulted from the marriage. He had an 11-year relationship from 1967 to 1978, during which one child was

born. He has been in his present relationship since 1980. Two children have been born of this relationship, a daughter in 1985 and a son in 1987. Rice claims a close relationship with his children. Rice worked as a pipewelder, retiring in 2000. He was 67 years old at the time of sentencing. He suffered his first heart attack in 1999, a second in 2001, and a third in June 2003. He began drinking alcoholic beverages when he was 14 years of age and his drinking has steadily increased over time. At the age of 48, he entered inpatient treatment at a veterans' hospital for 45 days, and he states that he successfully completed the program and remained sober for approximately 2½ years. When he relapsed at the age of 51, he began drinking every day, and he continued until, at 61 years of age, he reentered inpatient treatment at another veterans' hospital. He claims to have successfully completed this program, but he relapsed again at the age of 63. He remained sober for 3 years until his relapse in December 2001, and he became sober again while in jail for his February 15, 2002, offense. He began drinking again in June 2003, continuing to the time of his arrest for the present offense.

The probation officer's summary concludes that Rice has an extreme alcohol addiction and displays "disrespect for a Court order, which distinctively [sic] ordered for [sic] him not to drive for fifteen years." The probation officer stated that she believed that if Rice were placed on probation, the risk is substantial that Rice will engage in additional criminal conduct. She recommended commitment to a correctional facility, stating that a lesser sentence "will depreciate the seriousness of [Rice's] crime or promote disrespect for the law." Finally, the probation officer said that Rice does not fall within the target population for the intensive supervision probation program based upon the "current offense, criminal history and [Rice's] criminogenic needs."

*Department of Correctional Services Evaluation.*

The court-ordered evaluation by the Department of Correctional Services revealed that Rice functions somewhere in the high average range of intelligence. In terms of treatment and programming recommendations, the evaluation determined that Rice could use "some substance abuse treatment relapse prevention programming and possible follow-up to that." Rice did not have any adjustment problems while in the evaluation

process. The evaluation notes that Rice has "a fairly extensive history of Driving Under Suspension and Driving While Intoxicated" but that "[h]e does not appear to be a violent individual and does have a history of health problems in particular with his heart." The evaluation concluded that Rice did not like the prison environment and would not like to return. The final recommendations from the evaluation were as follows:

> [Rice] would benefit from some substance abuse relapse prevention treatment and aftercare and could receive this if he was sentenced to a period of probation and required to attend these classes. If [Rice] were sentenced to prison, some form of substance abuse treatment would be available to him. [Rice] would also be able to obtain counseling for what appears to be some depression if he were sentenced to probationary status.

At the sentencing hearing, the State argued that given his record, Rice was a "severe risk to the public," and that "a period of incarceration is necessary and a lesser sentence would depreciate the seriousness of the offense." Defense counsel argued that because Rice would be entitled to a credit for 247 days served while awaiting sentencing, any sentence of incarceration would necessarily be for a brief period which would not allow for effective treatment. The district court prefaced its pronouncement of sentence by stating to Rice that "the Court is going to take a chance on you. It believes that the time that you spent at the [Diagnostic and Evaluation Center] should have got [sic] your attention and wake [sic] you up a little bit." Under the terms of his probation, Rice was ordered to serve 180 days in the Dakota County jail, which could be waived by the court upon application by Rice's probation officer if Rice satisfactorily completed his probation; to pay a $1,000 fine; to have his driver's license revoked for a period of 15 years; to abstain from all drug and alcohol use and submit to random testing for the same; to perform 200 hours of community service; to complete a drug and alcohol evaluation; and to attend drug and alcohol treatment and counseling at his cost and complete any recommended aftercare. Rice was referred to an appropriate mental health center for evaluation and was ordered not to ride in the front seat of any vehicle while on probation.

## ASSIGNMENT OF ERROR

In its petition for further review, the State contends that the Court of Appeals erred in concluding that the district court did not abuse its discretion in imposing a sentence that was excessively lenient.

## STANDARD OF REVIEW

 Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004); *State v. Hamik*, 262 Neb. 761, 635 N.W.2d 123 (2001). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

Rice was convicted of driving during revocation, a Class IV felony, punishable by up to 5 years' imprisonment, a $10,000 fine, or both. Neb. Rev. Stat. §§ 60-6,196(6) (Cum. Supp. 2002) and 28-105 (Cum. Supp. 2004). Rice's guilty plea resulted from an agreement which reduced the charge from second-offense driving during revocation, a Class III felony punishable by up to 25 years' imprisonment, a $25,000 fine, or both. See *id.*

 When the State challenges a sentence as excessively lenient, the appellate court should consider:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the appellate court deems pertinent.

Neb. Rev. Stat. § 29-2322 (Reissue 1995). Accord *State v. Fields, supra.* A sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Fields, supra; State v. Harrison,* 255 Neb. 990, 588 N.W.2d 556 (1999). But there also must be some reasonable factual basis for imposing a particular sentence. *State v. Fields, supra; State v. Hamik, supra.*

Rice's offense involved operation of a motor vehicle on the highways or streets of the State of Nebraska while his operator's license had been revoked as part of his sentence for driving under revocation and third-offense driving under the influence. Despite his counsel's argument that this offense is not one of the more serious crimes in the "hierarchy of [f]elonious conduct," brief for appellee at 10, the circumstances of the current offense leave no doubt as to its very serious nature. Rice was operating a motor vehicle without a license but with a blood alcohol content almost four times the legal limit and with an open container of whiskey in his vehicle. This conduct posed an obvious and real threat to public safety, which we take into consideration in determining whether a sentence of probation was excessively lenient.

As noted, Rice has a history of alcohol-related motor vehicle offenses spanning more than 30 years, including at least two prior convictions for operating a motor vehicle during periods when his license was suspended or revoked. Prior to the offense involved in this case, he was incarcerated on at least 13 separate occasions and placed on probation 3 times, 2 of which resulted in unsatisfactory release. The presentence investigation report accurately characterized Rice as having an extreme alcohol addiction coupled with a lack of respect for court orders revoking his privilege to operate a motor vehicle.

Although we take note of Rice's age and medical history as mitigating factors, it is difficult to discern a need or justification for leniency in this case. Given Rice's record of recidivism with respect to alcohol-related offenses and the egregious circumstances

of the current offense, a sentence of probation does not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment. We agree with the Court of Appeals that a primary objective of sentencing in this case must be to protect the public from the very real risk posed by Rice's operation of a motor vehicle while intoxicated. However, in light of the record, we cannot agree with the court's reasoning that the probationary program outlined by the district court offers the "best chance of protecting the public." *State v. Rice*, No. A-04-547, 2004 WL 2937184 at *6 (Neb. App. Dec. 21, 2004) (not designated for permanent publication). Probation has not deterred Rice's conduct in the past, and we find nothing in the record to suggest that it would be more likely to succeed now. Rice has obtained treatment before, but he has continued to relapse into alcohol abuse. His driver's license has been revoked, but he continues to· drink and drive. While we agree, and indeed hope, that Rice may benefit from additional substance abuse treatment, the evaluation performed by the Department of Correctional Services indicates that some form of such treatment would be available to him if he were incarcerated in the custody of the department.

In short, we find nothing in this record which would justify taking a chance that probation will end a 30-year pattern of alcohol abuse and disregard for its legal consequences. Here, protection of the public requires certainty, not chance, and the only certainty we can perceive is that Rice cannot drink and drive while incarcerated.

## CONCLUSION

For the reasons discussed, we conclude that the district court abused its discretion by imposing an excessively lenient sentence of probation, and the Court of Appeals erred in affirming the sentence. In this circumstance, Neb. Rev. Stat. § 29-2323 (Reissue 1995) permits an appellate court to set aside the sentence and either (1) remand the cause for imposition of a greater sentence, (2) remand the cause for further sentencing proceedings, or (3) impose a greater sentence. We elect the first option and, therefore, vacate the sentence and remand the cause to the Court of Appeals, directing that court to remand the cause to the district court with instructions to impose a greater sentence. The resentencing should be conducted by one of the current sitting district

judges in the Sixth Judicial District or the retired district judge who has been appointed by this court to serve as an active district judge in that district until further order of the court. See *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004).

SENTENCE VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.