STATE OF NEBRASKA, APPELLANT, V.
TERRENCE D. MOORE, APPELLEE.

743 N.W.2d 375

Filed January 4, 2008.    No. S-07-370.

Donald W. Kleine, Douglas County Attorney, and Jennifer Meckna for appellant.

Thomas C. Riley, Douglas County Public Defender, and Scott C. Sladek for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Terrence D. Moore pled guilty to two counts of second degree murder and two counts of use of a firearm to commit a felony. The district court for Douglas County sentenced Moore to imprisonment for 30 to 45 years on each count of second degree murder and for 10 to 10 years on each firearm count. The two sentences for second degree murder were ordered to be served concurrently to one another, and the two sentences for the firearm counts were ordered to be served consecutively to one another and to the sentences for second degree murder. The State appeals Moore's sentences as being excessively lenient. We conclude that Moore's sentences were excessively lenient, and we therefore vacate Moore's sentences and remand the cause with directions for resentencing by a different judge.

## STATEMENT OF FACTS

In the early morning hours of February 25, 2005, Moore went to the apartment of Terry Jasper and Diane Caveye. Moore was angry over events that had occurred the previous day. According to Moore, Jasper had "punked" him by failing to pay approximately $30 that he owed Moore for drugs. When Moore went to Jasper and Caveye's apartment, Moore was armed with a 9mm-handgun. Jasper's nephew, Jackie Payne, was present at the apartment when Moore arrived.

An argument ensued between Moore and Jasper. At one point, Moore and Payne went into the bathroom to talk. Moore told Payne he was angry with Jasper because Jasper owed Moore money and had left Moore waiting at an arranged meeting place the prior day. Moore showed Payne his gun and told Payne he felt like "unloading" the gun. Payne thought that Moore had calmed down after they talked in the bathroom; however, shortly after exiting the bathroom, Moore shot Jasper three times. Jasper was sitting in a chair when Moore fired the first two shots, and Moore fired the third shot into Jasper's back after he fell to the ground. Caveye was lying on a couch with a blanket over herself. After shooting Jasper, Moore shot Caveye three times. Payne was present and witnessed the shootings. Jasper and Caveye died from the gunshot wounds.

Moore fled the scene after shooting Jasper and Caveye. Moore was arrested on March 9, 2005, and confessed to the shootings. He said that he was angry with Jasper because Jasper had "punked" him, that he shot Jasper because he was scared, and that after firing the first two shots at Jasper, he fired the third shot because he was afraid Jasper would identify Moore as the perpetrator. Moore said that he shot Caveye because he was scared that if he did not she would tell someone that he had shot Jasper. Moore was originally charged with two counts of first degree murder and two counts of use of a firearm to commit a felony. Pursuant to a plea agreement, Moore pled guilty to two counts of second degree murder and two counts of use of a firearm to commit a felony.

Moore was originally sentenced on May 23, 2006. Moore appealed to this court on the basis that the written order of commitment contained sentencing terms inconsistent with the sentence imposed by the court's oral pronouncement. Without reaching Moore's assigned error, this court, in a memorandum opinion dated January 4, 2007, vacated the sentences and remanded the cause for resentencing on the basis that the district court had erred as a matter of law when it ordered that the sentence for at least one of the firearm counts be served concurrently to one of the sentences for second degree murder. Under Neb. Rev. Stat. § 28-1205(3) (Reissue 1995), a sentence

for use of a weapon must be served consecutive to any other sentence imposed.

Upon remand, Moore was resentenced, and the new sentence gives rise to this appeal. On March 20, 2007, the district court sentenced Moore to imprisonment for 30 to 45 years on each count of second degree murder and for 10 to 10 years on each firearm count. The two sentences for second degree murder were ordered to be served concurrently to one another, and the two sentences for the firearm counts were ordered to be served consecutively to one another and to each of the sentences for second degree murder.

The State requested and received the Attorney General's approval to appeal the sentences as excessively lenient pursuant to Neb. Rev. Stat. §§ 29-2320 and 29-2321 (Cum. Supp. 2006).

## ASSIGNMENT OF ERROR

The State claims that the district court abused its discretion by imposing excessively lenient sentences.

## STANDARDS OF REVIEW

Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. *State v. Rice*, 269 Neb. 717, 695 N.W.2d 418 (2005). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

Pursuant to a plea agreement, Moore was convicted of two counts of second degree murder and two counts of use of a firearm to commit a felony. Second degree murder is a Class IB felony, punishable by imprisonment for 20 years to life. Neb. Rev. Stat. §§ 28-304(2) (Reissue 1995) and 28-105 (Cum. Supp. 2006). Use of a firearm to commit a felony is a Class II felony, punishable by imprisonment for 1 to 50 years. §§ 28-1205(2)(b) and 28-105. Section 28-1205(3) provides that the sentence imposed for use of a firearm to commit a felony

"shall be consecutive to any other sentence imposed." Although Moore's sentences were within statutory limits, we determine that the trial court abused its discretion by imposing excessively lenient sentences.

When the State challenges a sentence as excessively lenient, the appellate court should consider:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the appellate court deems pertinent.

Neb. Rev. Stat. § 29-2322 (Reissue 1995). Accord *State v. Rice, supra.* A sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Rice, supra.* But there also must be some reasonable factual basis for imposing a particular sentence. *Id.*

Moore killed one person because he was angry over an unpaid drug debt of approximately $30 and killed a second person in order to prevent her from being a witness to the first killing. We note that Moore's guilty plea resulted from an agreement which reduced the homicide charges to second degree murder from the original charges of first degree murder, a Class IA felony punishable by imprisonment for life without parole, or a Class I felony punishable by death. Neb. Rev. Stat. § 28-303 (Cum. Supp. 2006) and § 28-105. Moore admitted that he killed both Jasper and Caveye in the same incident and that he shot

Caveye in order to prevent her from telling anyone that he had shot Jasper. Were this a first degree murder case, we note that under Neb. Rev. Stat. § 29-2523 (Cum. Supp. 2006), among the aggravating circumstances that would make a defendant eligible for the death penalty are that "[a]t the time the murder was committed, the offender also committed another murder" and that the "murder was committed in an effort to conceal the commission of a crime, or to conceal the identity of the perpetrator of such crime." Because two circumstances were present in this case which are comparable to first degree aggravators, it is clear that Moore's crimes were of the type that the Legislature has deemed to be the most serious in this state. We agree.

Moore points to his lack of an extensive history of criminal violence, his clear expression of remorse, and his lack of chemical or alcohol dependency issues as factors indicating that his sentences were not excessively lenient. Although Moore's criminal history is arguably not "extensive," it is significant and includes a drug conviction and an assault conviction and indicates an increasing involvement in criminal activity.

We note that Moore was shown a degree of leniency by the State when it entered into a plea agreement under which the homicide charges were reduced from first to second degree murder and that Moore was thereby spared the possibility of sentences of either life without parole or death. The crimes in this case were of the type deemed to be the most serious in this state, and the mitigating factors noted by Moore are not sufficient to justify the lenience granted by the trial court in imposing sentences that were at the lower end of the range of possible sentences and in ordering the sentences for the two murder charges be served concurrently to one another. We conclude that considering the facts and the nature of the offenses committed by Moore, the sentences given in this case do not adequately reflect the seriousness of the offenses, do not promote respect for the law, and do not provide just punishment.

## CONCLUSION

Considering the very serious nature of the offenses committed by Moore, we conclude that the district court abused its discretion by imposing excessively lenient sentences. In this

circumstance, Neb. Rev. Stat. § 29-2323 (Reissue 1995) permits an appellate court to set aside the sentence and either (1) remand the cause for imposition of a greater sentence, (2) remand the cause for further sentencing proceedings, or (3) impose a greater sentence. We deem the first option to be appropriate in this case and, therefore, vacate the sentences and remand the cause to the district court with instructions to impose greater sentences. The sentences should be imposed by a different district court judge than the original sentencing judge. See *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004).

SENTENCES VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.