744 N.W.2d 493 (2008)
16 Neb. App. 397
STATE of Nebraska, appellant,
v.
Gregory D. HATT, appellee.
No. A-07-190.
Court of Appeals of Nebraska.
February 5, 2008.
*494 Donald W. Kleine, Douglas County Attorney, and James M. Masteller for appellant.
Christopher J. Lathrop, Omaha, for appellee.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
The State of Nebraska, through the Douglas County Attorney, appeals from the sentence imposed upon Gregory D. Hatt for his conviction of driving under the influence of alcohol (DUI), fourth offense. The State asserts that the sentence imposeda 2-year period of intensive supervision *495 probation (ISP) under specified terms and conditionswas excessively lenient. For the reasons recited below, we conclude that the sentence is excessively lenient, vacate the sentence, and remand the cause with instructions for a different judge to impose a greater sentence.
BACKGROUND
In an amended information filed on November 13, 2006, Hatt was charged with DUI, fourth offense, a Class IV felony; assault on an officer in the second degree, a Class III felony; operating a motor vehicle during a period of revocation, a Class II misdemeanor; and leaving the scene of a personal injury accident, a Class I misdemeanor. A jury trial was held, after which the jury found Hatt guilty of all charges, except the assault charge.
We do not have the bill of exceptions from the trial; however, our record contains a presentence investigation report (PSI) which contains certain information about the events leading up to Hatt's arrest. At this point, we note that the PSI in our record, dated February 5, 2007, is an update to the PSI completed on November 4, 2005, in connection with Hatt's last DUI conviction. The State in its brief cites to information apparently contained in the previous PSI, which is not in our record. Our review is limited to the PSI update contained in the record presented to us in this appeal.
The PSI indicates that the charges in this case stem from an occurrence in the early morning hours of February 10, 2006. While on routine patrol in Omaha, a police officer's vehicle was struck by a vehicle driven by Hatt, who immediately fled from the scene on foot. Hatt was apprehended shortly after the collision and was subjected to field sobriety tests and a breath test, which resulted in a reading of .200 of a gram of alcohol per 210 liters of his breath. Hatt admitted that he had been drinking beer for several hours during the evening preceding the accident. A check of Hatt's record at the time of arrest revealed that his driver's license was suspended as of November 4, 2005, for a DUI conviction and also revealed four additional DUI convictions,
The police officer whose vehicle was struck sustained serious injuries as a result of the accident, resulting in fusion surgery in his spine which has caused him pain and has limited his activities and ability to work.
A sentencing hearing was held on February 9, 2007. At the hearing, Hatt's attorney stated that Hatt had successfully completed an outpatient treatment program for his alcohol and mental health issues and that Hatt's counselor had indicated that Hatt could be successfully discharged from the program. Hatt's attorney also stated that Hatt was attending Alcoholics Anonymous (AA) meetings and had a sponsor, and indicated that the court had a letter from the sponsor, though this letter does not appear in our record. Hatt's attorney requested that Hatt receive probation, while the victim and the State requested a term of incarceration and a 15-year license revocation.
Before sentencing Hatt, the district court stated the following to him:
[I]n trying to determine your sentence, the Court has reviewed the [PSI] that was prepared as well as the letters received from your counselors. And as you know, we had a multiple day jury trial in this matter, so the Court is very familiar with the factual circumstances as to what took place on the day in question.
And as I've said many times, dealing with drunk drivers is the most difficult thing for me to do because there is no *496 certainty as to what the answer should be, and I think that that uncertainty is reflected in the law because this appears to be one of the few crimes where you are given so many different options, which tells you how complicated this area is.
And on the one hand, the probation department is recommending that you go straight to prison, and in one sense that would answer the question and provide some certainty, at least in the short-term, because we could simply just lock you up and not have to worry about you violating any more Court orders or you driving drunk. And as your lawyer pointed out, that has to be balanced with what is best for you, because under Nebraska law the Court is not only to consider numerous factors in determining what the appropriate sentence should be, but the sentence must also not only fit the crime, but must also fit you as well. And that again is one of the reasons that it makes it so difficult, because a clear argument could be made that the counseling and all of that was undertaken clearly just because you were involved in the court process, because there always seems to be gaps in the counseling. There never seems to be gaps when there is a court proceeding coming on or there never seems to be counseling when there is not a court proceeding on the horizon.
And with your history of alcohol use it should not take 20 years, it should not take this sentencing day for you to understand what your issues are, and that responsibility all falls on you. And that further has to be balanced with the society that we have created with the prevalence and the acceptance and the promotion and all the uses for alcohol that everyone seems to celebrate until something goes wrong, and that is another balance as well.
And it's not really my position to do what I think is popular, but I am, at least in my judgment, trying to do what is best for all of those involved. Because the one thing we cannot guarantee is no matter how long we put you in prison, we could not guarantee that you do not drink again. We cannot guarantee that you do not drive again even if we take your driver's license as has been done in the past, and none of those guarantees are unfortunately available to us.
The Court does note that there is a victim in this case, and multiple victims, society as well as [the injured officer]. And the Court does recognize what he went through having sat through this trial.
The district court then sentenced Hatt to 2 years' ISP with several specified terms and conditions. Hatt was ordered to be on electronic monitoring for the first 120 days; use a "SCHRAMM" device, which would monitor him for alcohol use; and have a curfew for the first year of probation, by which he was ordered to be in his place of residence by 10 p.m. on Friday, Saturday, and Sunday nights. Hatt was fined $1,000, and his driver's license was revoked for a period of 1 year. Hatt was also ordered to serve 10 days in the Douglas County Correctional Center, with credit for 1 day served. Hatt's vehicle was immobilized for 6 months. The written order of ISP also states that Hatt shall "[c]ontinue in any treatment programs that have been recommended including attend AA meetings."
For Hatt's other two convictions, operating a motor vehicle during a period of revocation and leaving the scene of a personal injury accident, Hatt was sentenced to 2 years' ISP, to be served concurrently. Hatt was also convicted of a probation *497 violation under a separate docket, the sentencing for which occurred at the same time as sentencing for the instant offenses. Hatt was sentenced on the probation violation to the Douglas County Correctional Center for 90 days, with credit for serving 22 days, and his driver's license was revoked for 15 years.
We note that the district court's trial docket entry for February 9, 2007, reads in part as follows; "Sentencing hearing. [Hatt] appeared in Court with counsel.... The Court having fully considered the age of the accused, [his] former course of life, disposition, habits and inclinations, is of the opinion that the accused will refrain from engaging in or committing further criminal acts in the future."
The State now timely appeals.

ASSIGNMENT OF ERROR
The State asserts that the district court abused its discretion by imposing an excessively lenient sentence upon Hatt for the DUI conviction.

STANDARD OF REVIEW
Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. State v. Thompson, 15 Neb.App. 764, 735 N.W.2d 818 (2007); State v. Rice, 269 Neb. 717, 695 N.W.2d 418 (2005). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. Id.

ANALYSIS
The State asserts that the district court abused its discretion and imposed an excessively lenient sentence upon Hatt. Hatt was convicted of DUI, fourth offense, a Class IV felony punishable by up to 5 years' imprisonment, a $10,000 fine, or both. See Neb.Rev.Stat. §§ 60-6,196 (Reissue 2004) and 28-105 (Cum.Supp. 2006).
Neb.Rev.Stat. § 29-2322 (Reissue 1995) provides that an appellate court, upon a review of the record, shall determine whether a sentence imposed is excessively lenient, having regard for (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed (a) to afford adequate deterrence to criminal conduct; (b) to protect the public from further crimes of the defendant; (c) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (4) any other matters appearing in the record which the appellate court deems pertinent. State v. Thompson, supra. A sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. But there also must be some reasonable factual basis for imposing a particular sentence. State v. Rice, supra.
Hatt has a history of alcohol-related offenses, with the present offense being his sixth DUI conviction. Hatt was on probation for a DUI conviction at the time of the current offense. Hatt's first DUI arrest occurred on June 13, 1994, for which he *498 received 15 months' probation. Hatt was satisfactorily discharged from this probation sentence. Hatt was next arrested for DUI, first offense, on September 18, 1996, and was sentenced to 1 year of probation, a $500 fine, and a 60-day license impoundment. This probation was revoked on February 5, 1998, and Hatt was sentenced to 60 days in jail. On June 17, 1998, Hatt was arrested a third time for DUI, which offense was amended to a second-offense DUI. Hatt was sentenced to 75 days in jail, a $500 fine, and a 1-year license revocation. Hatt was arrested a fourth time for DUI on September 7, 1999, and this offense was amended to a third-offense DUI, Hatt was sentenced to 2 years' ISP, a $600 fine, and a 1-year license revocation. Hatt was released from this probation at a later point. On May 5, 2004, Hatt was arrested for his fifth DUI, which was amended to a third-offense DUI. Hatt was sentenced to 2 years' probation, 10 days in jail, a $600 fine, and a 1-year license revocation. It was this probation sentence that Hatt violated when he committed the present offense. Hatt's record also shows two convictions for driving under suspension. Hatt was sentenced to 12 months' probation and 2 days in jail for the first conviction, and was unsatisfactorily discharged from probation. He was sentenced for the second driving under suspension conviction to 10 days in jail and a 1-year license revocation.
Hatt was 50 years old at the time of the present offense and was divorced with two children. Hatt graduated from high school and attended 1 year of college but did not earn a degree. Hatt had been employed as a sales associate and customer service representative at Wal-Mart since April 2004. Hatt described his physical health as "`good'" and his mental health as "`improving every day.'" Hatt reported that he suffers from depression, for which he takes medication and sees a counselor one to two times a month.
Hatt reported during the PSI interview, conducted on December 18, 2006, that he had been sober since his May 5, 2004, DUI charge until the current offense in February 2006, and Hatt stated that he had not consumed alcohol since the February incident. Hatt stated that on the day prior to the incident, he had been "doing a lot of errands to get caught up on his day off from work" and that he "`was wearing down.'" He began drinking beer around 4 p.m. at a La Vista keno establishment and then he left and bought gas and a six-pack of beer. He stated, "`I drove around. I think and I'm not really sure what happened or how much I drank. My weight was down. Unusually low for me.'" Halt's "Defendant's Statement" in the PSI reads as follows:
Things had been building up inside during the holidays 2005 & stress combined with pressures became overwhelming which led to a brief meltdown in Feb. 2006there were other factors involving medication that have been corrected since this problem surfaced &' with adjustments & therapy, I have improved dramatically. Hope to continue on this forward direction & feel much better with things in my life.
Hatt reported that he was attending at least one AA meeting a week and that "`[m]ost of [his] contacts are with people from AA.'" Hatt stated that he completed outpatient treatment in 1998 and 2000 for two DUI convictions. The PSI refers to a letter from Hatt's counselor in his probation file which stated that Hatt began treatment in July 2004 for alcohol dependency and depression and was ready to be discharged when he relapsed and received the current DUI offense. The counselor stated in the letter that the last time he *499 met with Hatt was on August 17,2006, and that Hatt had canceled several sessions.
Hatt was administered the "Driver Risk Inventory," and the testing results appear in the PSI. On the "Truthfulness" scale, Hatt scored a "Low Risk 14%," indicating that he was "non-defensive, cooperative and truthful," and it was noted that this was "an accurate SAQ profile." For the "Alcohol" scale, Hatt scored a "Maximum Risk 96%," indicating that "[a]lcohol use may be out of control or represent a `recovering alcoholic' relapse. This person presents a serious problem with alcohol and the arrest presents additional corroboration. Relapse risk is very high." On the "Driver Risk" scale, Hatt scored a "Maximum Risk 90%," with the comment, "Many indicators of driver risk are indicated. This person presents as an aggressive and irresponsible driver. A driver safety program could be beneficial." For the "Stress Coping" scale, Hatt scored a "Problem Risk 73%," indicating that "[h]igh levels of experienced stress and/or below average stress coping abilities are indicated. This offender could benefit from completion of a stress management program."
A "Simple Screening Instrument" was also administered to Hatt, and he scored a risk level of 5 out of 14, indicating a "moderate to high risk for substance abuse and a possible need for further assessment." The probation officer who completed the PSI stated that Halt's scoring on the ISP screening tool indicated that Hatt could be considered for the Work Ethic Camp program, followed by ISP. However, the probation officer recommended instead a term of incarceration and a 15-year driver's license revocation. The probation officer stated that "Hatt is not an appropriate candidate for Probation anymore. He has been given plenty of opportunities to change his behavior and has failed to do so. A term of incarceration and a 15 year driver's license revocation is recommended to promote accountability for this offense."
We find that given Hatt's repeated pattern of alcohol-related offenses, the sentence imposed by the district court does not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Moreover, Hatt's conduct posed an obvious and real threat to public safety. Hatt has not been deterred from drinking and driving in the past by either probation or license suspension. There is nothing in the record to suggest that such measures are likely to succeed now. Hatt has continued to relapse into alcohol abuse and to drink and drive, despite having obtained treatment on a number of occasions, having been fined and placed on probation, and having had his license suspended. We conclude that the sentence imposed by the district court is excessively lenient.

CONCLUSION
We determine that the district court imposed an excessively lenient sentence upon Hatt. Under Neb.Rev.Stat. § 29-2323 (Reissue 1995), when an appellate court determines that a sentence imposed is excessively lenient, it shall either (1) remand the cause for imposition of a greater sentence, (2) remand the cause for further sentencing proceedings, or (3) impose a greater sentence. Under § 29-2323(1)(a), we vacate the sentence and remand the cause to the district court with instructions to impose a greater sentence. The sentence should be imposed by a different district court judge than the original sentencing judge.
SENTENCE VACATED, AND CAUSE REMANDED FOR RESENTENCING.