744 N.W.2d 508 (2008)
16 Neb. App. 445
STATE of Nebraska, Appellant
v.
Scott A. ANTONIAK, Appellee.
No. A-07-457.
Court of Appeals of Nebraska.
February 19, 2008.
*509 Jeffrey J. Lux, Deputy Douglas County Attorney, for appellant.
Emil M. Fabian, of Fabian & Thielen, Omaha, for appellee.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Following a bench trial, the district court for Douglas County convicted Scott A. Antoniak of first degree sexual assault and sentenced Antoniak to 5 years' probation. The State of Nebraska appeals the sentence imposed on Antoniak as excessively lenient. Finding no abuse of discretion in the sentence of probation, we affirm the sentence of the district court.

BACKGROUND
On July 10, 2005, while Antoniak was on duty and dressed in his uniform as an *510 Omaha police officer, he approached the victim, a prostitute. Antoniak ran the victim's name for outstanding warrants, discovered an active warrant for her arrest, and had the victim sit in the front seat of the police cruiser. Antoniak drove the cruiser a short distance and told the victim that she could point out the drug dealers, go to jail, or perform oral sex on him. The victim chose the last option and preserved some of Antoniak's semen. The State charged Antoniak with first degree sexual assault. Following a bench trial, the district court convicted Antoniak of the charge and sentenced him to 5 years' probation.
Pursuant to Neb.Rev.Stat. §§ 29-2320 and 29-2321 (Cum. Supp. 2006), the State requested and received the Attorney. General's approval to appeal the sentence as excessively lenient.

ASSIGNMENT OF ERROR
The State alleges that the district court abused its discretion in imposing an excessively lenient sentence.

STANDARD OF REVIEW
Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. State v. Moore, 274 Neb. 790, 743 N.W.2d 375 (2008). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. Id.

ANALYSIS
When the State appeals from a sentence, contending that it is excessively lenient, an appellate court reviews the record for an abuse of discretion, and a grant of probation will not be disturbed unless there has been an abuse of discretion by the sentencing court. State v. Thompson, 15 Neb.App. 764, 735 N.W.2d 818 (2007). As stated above, the district court convicted Antoniak of first degree sexual assault and imposed a sentence of 5 years' probation. First degree sexual assault is a Class II felony, which is punishable by 1 to 50 years' imprisonment. See Neb.Rev.Stat. §§ 28-105(1) (Cum. Supp. 2006) and 28-319(2) (Reissue 1995). Under Neb.Rev.Stat. § 29-2260 (Reissue 1995), a court may withhold a sentence of imprisonment
unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:
(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;
(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or
(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.
(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:
(a) The crime neither caused nor threatened serious harm;
(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;
(c) The offender acted under strong provocation;

*511 (d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;
(e) The victim of the crime induced or facilitated commission of the crime;
(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;
(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;
(h) The crime was the result of circumstances unlikely to recur;
(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;
(j) The offender is likely to respond affirmatively to probationary treatment; and
(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.
In our review to determine whether the sentence was excessively lenient, we consider factors similar to those listed above under Neb.Rev.Stat. § 29-2322 (Reissue 1995), which provides in pertinent part:
[T]he appellate court, upon a review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:
(1) The nature and circumstances of the offense;
(2) The history and characteristics of the defendant;
(3) The need for the sentence imposed:
(a) To afford adequate deterrence to criminal conduct;
(b) To protect the public from further crimes of the defendant;
(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and
(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and
(4) Any other matters appearing in the record which the appellate court deems pertinent.
At the time of sentencing, Antoniak was 29 years old. He was living with his wife and child and another child was expected in May 2007. He had obtained a bachelor's degree in criminal justice and had worked for the Omaha Police Department from November 2001 until he was fired in August 2005. Since that time, he had been employed as a laborer and then as a warehouse manager. Antoniak's criminal history consisted of a stop sign violation in 2002 for which he was not prosecuted. As part of the presentence investigation report (PSI), Antoniak was asked to "[w]rite a complete description of the events that led to your arrest," and he responded, "On July 10, [2005,] while employed by the Omaha Police Dept a female prostitute made an allegation of a sexual assault towards me while on duty. I was arrested for 1st degree sexual assault."
The probation officer who prepared the PSI stated:
There are two aggravating facts against [Antoniak] regarding sentencing. One is the seriousness of this charge, which is a Class II felony. The other has to do with the circumstances, in that he used his position of authority as a police officer, and as such [was] held to a higher standard of conduct. It is because of these aggravating factors, in that it would depreciate the seriousness of the *512 offense, that I do not recommend probation in this case.
On the sexual adjustment inventory administered as part of the PSI, Antoniak's scores fell within the problem risk range on two scales: the sex item truthfulness scale and the sexual assault scale.
During the sentencing hearing, the district court received Dr. Joseph L. Rizzo's psychological evaluation of Antoniak. The evaluation stated that Antoniak's risk assessment scales showed him to be at low risk for violence or reoccurrence of another sexual crime. Rizzo also stated that Antoniak was "manifesting appropriate anxiety, depression and guilt regarding the incident at hand and is seen to be an individual who could benefit from extended probation in an outpatient rehabilitation process." Rizzo anticipated that Antoniak "would do extremely well on probation." Antoniak apologized during the hearing for his actions and apologized to his "family and friends, the police department for the shame and embarrassment and pain that [he] caused everyone through this horrible mistake."
The State acknowledges that Antoniak has a low probability to reoffend, lacks a prior criminal record, and had been a positive member of the community, but argues that "[t]he nature and circumstances of this particular crime warrants [sic] a period of incarceration to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for committing a first degree sexual assault while in uniform." Brief for appellant at 8. The State cites to cases from other jurisdictions in urging that a police officer who breaches the public trust by criminal acts should be denied probation. However, none of these cases held that failing to impose a prison sentence for an offense involving breach of the public trust by a police officer constituted an abuse of discretion. Rather, the appellate courts in the cases cited by the State simply held that the trial judge may weigh the breach of public trust as a factor in determining whether to grant or deny probation or a suspended sentence. See, State v. Dockery, 917 S.W.2d 258 (Tenn.Cr.App.1995), overruled on other grounds, State v. Troutman, 979 S.W.2d 271 (Tenn.1998); Woodson v. State, 608 S.W.2d 591 (Tenn. Cr.App.1980). In the case before us, the record amply demonstrates that the sentencing judge expressly considered and weighed this factor.
In cases such as this, we do not review the sentence de novo and the standard is not what sentence we would have imposed. State v. Thompson, 15 Neb.App. 764, 735 N.W.2d 818 (2007). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. State v. Moore, 274 Neb. 790, 743 N.W.2d 375 (2008). But there also must be some reasonable factual basis for imposing a particular sentence. Id.
The district court stated that Antoniak had abused his authority, took advantage of his authority, and became "a rogue cop." The court recognized that Antoniak had lost his job as a police officer. The court further stated:
Now, what you did was serious and people believe that the seriousness of this crime demands imprisonment, yet, imprisonment is not the only form of punishment. Punishment should be a blending of deterrence, reformation and retribution. It should be a concern for the public and society. They must be protected. I don't know that this could ever happen again ... by you. And whether it happens or not to this day... by other officers, I don't know, but *513 hopefully they've learned something by what's happened to you. You can no longer use the color of your position to get what you want.
You know, the major goals [sic] of sentencing is the offender should be dealt [with] in a manner that is most likely to avoid committing future crimes. You said this won't happen again. I believe it won't happen again.
So through the years it's been found that probation should be a sentence unless confinement is necessary to protect the public, as I mentioned, for future activities. I don't believe that's going to happen. The offender is of need of correctional treatment which can most ... effectively [be] provided in confinement. That isn't ... a situation here. You have gone to Dr. Rizzo. You're willing to do what he recommends. I don't know that you could get that in confinement.
And the third thing is it would unduly depreciate the offense in that you would be a threat, and I don't know that that is the situation. As I've said, I don't think you could do this again, not just because you're no longer a police officer, but because of what you've done to your family and your wife. You've got to look her in the eye everyday [sic]. You have to live with that.
So taking into consideration what has happened up to this point, all the letters on your behalf, and those that believe jail is the answer, ... I believe jail is not the answer at this time.
The probationary sentence imposed by the district court contained a number of terms and conditions. Antoniak must, of course, obey all laws and refrain from unlawful conduct. He must also remain gainfully employed or otherwise keep productively busy. He cannot possess a firearm or dangerous weapon. He must secure a travel permit before leaving Omaha. Antoniak must register as a sex offender and follow the laws and guidelines associated with such registration. He has to follow all recommendations of the psychological evaluation, including outpatient treatment. He must write letters of apology to the victim, to another individual who alleged Antoniak fondled her, to the Omaha police chief, and to the Omaha Police Department. He has to complete 250 hours of community service. Antoniak must also submit to a written report each month as directed by the probation officer and notify the probation officer prior to any change of employment or residence. He has to submit his person, residence, business, and vehicle to search and seizure at any time by any law enforcement or probation officer with or without a search warrant. Antoniak must also pay court costs, a probation administrative enrollment fee, and a $25 monthly probation programming fee. Antoniak must comply with every one of these conditions of probation, or he will be subject to the filing of a motion to revoke his probation and the imposition of a new sentence.
We conclude that there was a reasonable factual basis for the sentence imposed and that the sentence did not constitute an abuse of the district court's discretion.

CONCLUSION
Because we conclude that the district court did not abuse its discretion in sentencing Antoniak, we affirm the sentence.
AFFIRMED.