IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. WEBB

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

TYRONE WEBB, APPELLEE.

Filed August 15, 2017.   No. A-17-271.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Joe Kelly, Lancaster County Attorney, and Daniel J. Zieg for appellant.

Douglas L. Kerns for appellee.

INBODY, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

The State of Nebraska appeals from the order of the district court for Lancaster County sentencing Tyrone Webb for his conviction of driving during revocation, subsequent offense. The State argues that the sentence imposed was excessively lenient. Finding no abuse of discretion, we affirm.

### BACKGROUND

Webb was originally charged with driving during revocation, subsequent offense, and false reporting. He pled no contest to driving during revocation, subsequent offense, and the State dismissed the false reporting charge. According to the factual basis provided by the State at the plea hearing, at 1:30 a.m. on March 27, 2016, Webb's vehicle was stopped by police for failing to

- 1 -

have its headlights on. Webb initially provided a false name to the officer, but when a pat down search revealed an identification card with his real name, he admitted that he lied about his name because his driver's license was suspended. A search of the Department of Motor Vehicles' records revealed that Webb's license was suspended until 2029 for a fifth offense driving while intoxicated (DUI) conviction, and he had not been issued an interlock permit. At the plea hearing, the court received into evidence a copy of a prior conviction for driving during revocation and found sufficient evidence to establish that this was not Webb's first conviction for driving during revocation. Webb's plea of no contest was accepted, and he was found guilty.

At sentencing, the court indicated that it considered the statutorily required factors as well as the information contained in the presentence investigation report (PSI). The court found that a long period of incarceration was unnecessary given Webb's age of 69 years old and the circumstances of the offense. Webb was therefore sentenced to 30 days in jail and 3 years' probation. His license was also revoked for an additional 15 years. The State timely appeals the sentencing order.

ASSIGNMENTS OF ERROR

The State assigns that the district court abused its discretion in imposing an excessively lenient sentence.

STANDARD OF REVIEW

When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

ANALYSIS

The State argues that Webb's sentence is excessively lenient given his criminal driving history. The State also emphasizes that Webb was discharged from parole for his fifth DUI conviction just two days before he was arrested in the present case. The State asserts that Webb's history makes clear that the only way to prevent Webb from driving and maintain the safety of the general public is to impose a sentence of incarceration.

Driving during revocation, subsequent offense is a Class IIA felony, punishable by up to 20 years' incarceration. Neb. Rev. Stat. §§ 60-6,197.06(2) & 28-105 (Supp. 2015 & Reissue 2016). In addition, the court was required to suspend Webb's driver's license for 15 years. See § 60-6,197.06(2). Thus, Webb's sentence falls within the statutory limits, and we review it for an abuse of discretion.

In determining whether the sentence is excessively lenient, we consider the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent. *State v. Parminter, supra*. See also Neb. Rev. Stat. § 29-2322 (Reissue 2016).

A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Parminter, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. But the court must have some reasonable factual basis for imposing a particular sentence. *Id*.

We have reviewed the record, including the PSI, in light of the above considerations. Other than a burglary conviction from 1970, Webb's criminal history consists of offenses related to driving. Between 2004 and 2014, he amassed 5 DUI convictions, 4 driving during suspension convictions, and 1 driving during revocation conviction. For his most recent DUI, Webb was sentenced to 30 months to 5 years' imprisonment. He received no misconduct reports during his term of incarceration. At that time, an inmate classification study was completed and concluded that Webb would be recommended for substance abuse treatment programming, but acknowledged that at his age, he may not wish to participate. According to the PSI before us, Webb reported that he last drank alcohol at the time of his most recent DUI arrest, which occurred in February 2014.

At sentencing, the court recognized Webb's history of DUIs and his willingness to take a risk by driving while intoxicated or without a valid license. However, the court also acknowledged Webb's willingness to enter a plea in this case, his age of 69, that he expressed remorse for his actions, and the fact that the present offense did not involve drinking and driving. There are a number of terms and conditions with which Webb must comply while on probation, and the sentencing judge warned him that if he failed to comply with any of the probation conditions, he was facing a very lengthy sentence, reminding him, "This is your chance, Mr. Webb."

Webb's history of driving while intoxicated and without a valid license gives us significant cause for concern. Clearly a more significant sentence could have been imposed and would likely be imposed were we in the position to substitute our judgment for that of the district court. However, we do not review the sentence de novo and the standard is not what sentence we would have imposed. See *State v. Antoniak*, 16 Neb. App. 445, 744 N.W.2d 508 (2008). The district court supported its sentence with a rationale found within portions of the record. We further note that the district court had the opportunity to observe Webb and make a determination regarding his level of acceptance of responsibility, regret for the offense, and ability to comply with probation. Nonetheless, this is an extremely close case. Ultimately, however, given our standard of review, we are constrained to find that the sentence imposed does not constitute an abuse of discretion.

CONCLUSION

We conclude that the sentence imposed does not constitute an abuse of the district court's discretion and is therefore not excessively lenient. Accordingly, we affirm the sentence imposed.

AFFIRMED.