Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/26/2018 08:18 AM CDT

STATE OF NEBRASKA, APPELLANT, V.
OLAJUWON A. FELIX, APPELLEE.
___ N.W.2d ___

Filed June 26, 2018.    No. A-17-1062.

1. **Sentences: Appeal and Error.** When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

3. **Sentences.** A sentencing court is not limited in its discretion to any mathematically applied set of factors.

4. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

5. ____. A sentencing court must have some reasonable factual basis for imposing a particular sentence.

6. **Sentences: Appeal and Error.** In determining whether a sentence is excessively lenient, an appellate court considers the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent.

7.  ____: ____. When reviewing sentences for excessive leniency, an appellate court does not review the sentence de novo and the standard is not what sentence it would have imposed.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Affirmed.

Donald W. Kleine, Douglas County Attorney, and James M. Masteller for appellant.

Thomas C. Riley, Douglas County Public Defender, and Cindy A. Tate for appellee.

Riedmann, Bishop, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

The State, through the Douglas County Attorney, appeals from a district court sentencing order after Olajuwon A. Felix entered pleas to five felony charges. The State argues that the sentences were excessively lenient. Finding no abuse of discretion, we affirm.

## BACKGROUND

Felix was originally charged with count 1, manufacturing, distributing, or possession with intent to distribute marijuana; count 2, manufacturing, distributing, or possession with intent to distribute cocaine; count 3, manufacturing, distributing, or possession with intent to distribute methamphetamine; count 4, possession with intent to distribute a Schedule IV or V controlled substance; count 5, possession with intent to distribute a Schedule IV or V controlled substance; count 6, possession of a deadly weapon by a prohibited person; count 7, possession of a deadly weapon by a prohibited person; and count 8, possession of a deadly weapon by a prohibited person. Pursuant to a plea agreement with the State, Felix agreed to plead no contest to an amended count 2, which changed the class of crime to a

Class II felony, as well as to counts 3 and 6 through 8 as originally charged. Counts 1, 4, and 5 were dismissed.

According to the factual basis provided by the State at the plea hearing, a task force officer working for the Bureau of Alcohol, Tobacco, Firearms and Explosives utilized a confidential informant who made contact with Felix. On August 2, 2016, the informant met Felix in the parking lot of a gas station and purchased 27.3 grams of cocaine and 1.7 grams of methamphetamine from Felix. On August 8, the informant met Felix in a parking lot and purchased a "Charter Arms .38 special revolver" from Felix. On August 10, the informant again met with Felix in a parking lot and purchased a "Kel-Tec 9 millimeter semiautomatic handgun" from him. On August 18, the informant again met with Felix in a parking lot and Felix sold him a "Sig Sauer .45 caliber handgun." At all relevant times, Felix was a prohibited person by virtue of a previous felony conviction in April 2015. The district court accepted Felix's pleas and found him guilty.

At sentencing, Felix argued that the court should impose the mandatory minimum sentence of 3 years' imprisonment for the weapons convictions and asked that they run concurrently. He acknowledged that the convictions resulted from three separate offenses, but argued that the offenses occurred before his last prison sentence—he had been released from prison for just 6 days before he was arrested on the current charges.

The State noted that Felix accepted the opportunity to plead to five felony charges after he was originally charged with eight felonies. The State argued that not only did Felix sell cocaine and methamphetamine, but he also sold 59 Xanax pills to the informant, and that Felix contacted the informant on three separate occasions to sell him three separate guns. The State emphasized that Felix knew he was a convicted felon but chose to deal drugs and guns and argued that the sentences should not run concurrently because the offenses occurred on separate dates and involved separate guns.

The court reviewed the presentence investigation report and then sentenced Felix to 1 to 1 year's imprisonment on count 2, 1 to 1 year's imprisonment on count 3, 3 to 3 years' imprisonment on count 6, 3 to 3 years' imprisonment on count 7, and 3 to 3 years' imprisonment on count 8. The sentences on counts 2 and 3 were to run concurrently, and the sentences on counts 6 through 8 were to run concurrently, but the terms were to run consecutive to each other. In other words, Felix was sentenced to 1 to 1 year's imprisonment and a consecutive term of 3 to 3 years' imprisonment, for a total of 4 to 4 years' imprisonment, which includes the mandatory minimum of 3 years. He also received credit for 206 days served.

The State requested and received the Attorney General's approval to appeal the sentences as excessively lenient pursuant to Neb. Rev. Stat. §§ 29-2320 and 29-2321 (Reissue 2016).

## ASSIGNMENT OF ERROR

The State assigns that the district court abused its discretion by imposing excessively lenient sentences.

## STANDARD OF REVIEW

[1,2] When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

## ANALYSIS

Pursuant to a plea agreement, Felix was convicted of two counts of manufacturing, distributing, or possession with intent to distribute a controlled substance, which is a Class II felony. See Neb. Rev. Stat. § 28-416 (Reissue 2016). Class II felonies are punishable by 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). Felix was also convicted of three

counts of possession of a weapon by a prohibited person, which is a Class ID felony. See Neb. Rev. Stat. § 28-1206(3)(b) (Reissue 2016). This offense carries a mandatory minimum sentence of 3 years' imprisonment up to a maximum of 50 years' imprisonment. § 28-105. Therefore, Felix's sentences come within the statutory limits, and we review them for an abuse of discretion.

[3-5] A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Parminter, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* But the court must have some reasonable factual basis for imposing a particular sentence. *Id*.

[6] In determining whether the sentence is excessively lenient, we consider the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent. *State v. Parminter, supra*. See Neb. Rev. Stat. § 29-2322 (Reissue 2016).

At first blush, we agree that Felix's sentences appear lenient. He was convicted of two Class II felonies and three Class ID felonies, which stemmed from four separate incidents. He faced up to 250 years' imprisonment; yet, he received the minimum period of incarceration for each count and concurrent sentences for four of his crimes. However, keeping in mind our standard of review and considering the applicable case law, we

cannot find that the sentencing court abused its discretion in the sentences imposed.

Generally, when the Nebraska appellate courts have concluded that a sentence is excessively lenient, the defendant's present crimes and criminal history display significant violence or the defendant has committed multiple driving under the influence offenses and received probation, which has been determined to be insufficient to protect the safety of the public. See, e.g., *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012); *State v. Moore*, 274 Neb. 790, 743 N.W.2d 375 (2008); *State v. Rice*, 269 Neb. 717, 695 N.W.2d 418 (2005); *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004); *State v. Hatt*, 16 Neb. App. 397, 744 N.W.2d 493 (2008). See, also, *State v. Hamik*, 262 Neb. 761, 635 N.W.2d 123 (2001); *State v. Silva*, 7 Neb. App. 480, 584 N.W.2d 665 (1998).

None of those factors are present here. We recognize that Felix has an extensive history of failing to follow the law, which is particularly evidenced by numerous charges of driving during suspension and failure to appear. None of his charges have been violent, however. He has three prior felony convictions, for which he was sentenced to terms of incarceration.

In 2014, he was convicted of an amended charge of theft by receiving stolen property, a Class IV felony, and sentenced to 270 days' incarceration. By virtue of this felony conviction, Felix was prohibited from possessing weapons. Four months after his release from incarceration, however, police found him in possession of a handgun and marijuana. In August 2014, police officers observed Felix and two other men sitting outside an abandoned residence. When the officers approached, all three men began to walk away, and the officers observed Felix holding the front of his waistband under his shirt. An officer told Felix to stop and show his hands, but Felix took off running. The officer gave chase, and as Felix was being "taken to the ground," he observed Felix toss a firearm into the tree line. Marijuana was also located in Felix's pants pocket. The

firearm was located and found to be loaded and unregistered. Felix was convicted of an amended charge of attempted possession of a firearm by a prohibited person, a Class II felony, and sentenced to 2 years' imprisonment. For both of these felony convictions, Felix underwent presentence investigations, and at both times, he denied responsibility for his crimes and was assessed to be a high risk for rearrest.

In 2016, Felix was convicted of felony flight to avoid arrest and leaving the scene of a property damage accident. Charges of felony possession of a controlled substance and "Operating During Suspension" were dismissed. Felix was sentenced to 1 year's incarceration and 12 months' postrelease supervision. Six days after his release from incarceration, however, he was arrested for the current offenses, which were the result of incidents that occurred before he began his 1-year sentence.

Accordingly, the record demonstrates that Felix has a history of breaking the law and failing to take responsibility for his actions. According to the presentence investigation report for the present convictions, however, Felix was assessed to be a high risk for rearrest but was a low risk for violence, antisocial behavior, aggressiveness, and stress coping; he has no drug or alcohol issues; and he has accepted responsibility for his actions. In a letter to the court included in the presentence investigation report, Felix admitted that he was the "middle man" selling drugs and guns in order to earn money to help his family. Additionally, and significantly, as noted above, his history does not suggest the level of aggressiveness and violence present in cases such as *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004), and *State v. Silva*, 7 Neb. App. 480, 584 N.W.2d 665 (1998).

Moreover, we recognize that the State has a public safety interest in deterring repeat felons and that the purpose of statutes prohibiting the possession of firearms by convicted felons is to limit the possession of firearms by persons who, by their past commission of certain specified serious felonies, have demonstrated a dangerous disregard for the law and present a

potential threat of further or future criminal activity. See, *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015); *State v. Comeau*, 233 Neb. 907, 448 N.W.2d 595 (1989).

But this is not a case where the defendant received probation and public safety remains at risk. The sentences imposed on Felix in the present case represent his longest period of incarceration. In addition, he must serve 3 of the 4 years of his prison sentence as a mandatory minimum for which he is not eligible to earn good time credit. See *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015) (good time credit not allowed until full amount of mandatory minimum term of imprisonment has been served).

[7] Although Felix's history and the nature and circumstances of the present offenses certainly could have supported a longer term of incarceration, when reviewing sentences for excessive leniency, we do not review the sentence de novo and the standard is not what sentence we would have imposed. See *State v. Antoniak*, 16 Neb. App. 445, 744 N.W.2d 508 (2008). Keeping this standard in mind, we conclude that the sentences imposed do not constitute an abuse of discretion. We therefore affirm.

## CONCLUSION

We conclude that the district court did not abuse its discretion in the sentences imposed. Accordingly, we affirm.

Affirmed.