Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/13/2021 08:08 AM CDT

State of Nebraska, appellant, v.
Devontay S. McCain, appellee.

___ N.W.2d ___

Filed June 15, 2021.    No. A-20-662.

1. **Sentences: Appeal and Error.** When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

3. **Sentences: Probation and Parole: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.

4. **Sentences.** A sentencing court is not limited in its discretion to any mathematically applied set of factors.

5. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

6. ____. A sentencing court must have some reasonable factual basis for imposing a particular sentence.

7. **Sentences: Appeal and Error.** In determining whether a sentence is excessively lenient, an appellate court considers the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent.

8. **Courts: Words and Phrases.** Drug court is a postplea or postadjudicatory drug and alcohol intensive supervision treatment program for eligible offenders.

9. **Courts: Pleas.** A drug court program participant pleads guilty and agrees to the terms and conditions of the program in exchange for the possibility of avoiding sentencing and, oftentimes, being allowed to withdraw the plea upon successful completion of the program.

10. **Courts: Convictions: Sentences.** If a drug court program participant is terminated from the program or withdraws before successful completion, then the conviction stands and the case is transferred back to the original court for sentencing.

11. ____: ____: ____. When sentencing is deferred during the time a defendant is participating in a drug court program, the time he or she spent in jail is pending sentencing pursuant to Neb. Rev. Stat. § 47-503(1) (Reissue 2010).

12. ____: ____: ____. Time spent in jail for sanctions while participating in a drug court program is a result of the underlying offenses, and therefore, credit for time served is appropriate.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Shawn R. Eatherton, Buffalo County Attorney, and Kari R. Fisk for appellant.

Jerad A. Murphy, Deputy Buffalo County Public Defender, for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

The State, through the Buffalo County Attorney, appeals from a district court order sentencing Devontay S. McCain for possession of a controlled substance with intent to distribute (marijuana), prohibited acts, and possession of a controlled substance (marijuana, over 1 ounce, less than 1 pound). The State argues that the sentences are excessively lenient and

that the court erred in giving McCain credit for time served. Based on the reasons that follow, we affirm.

## BACKGROUND

On August 14, 2019, the State filed an information charging McCain with count I, possession of a controlled substance with intent to distribute (marijuana), a Class IIA felony; count II, prohibited acts, a Class IV felony; and count III, possession of a controlled substance (marijuana, over 1 ounce, less than 1 pound), a Class III misdemeanor.

On November 21, 2019, McCain pled guilty to the three charges on the condition that he would be allowed to participate in a drug court program. The court accepted his pleas, entered judgments of conviction, and ordered him to comply with all requirements of the drug court program. If McCain successfully completed the drug court program, he would be allowed to withdraw his plea. If he failed to successfully complete the program, he would be returned to the district court for sentencing.

While participating in the drug court program, McCain was consistently noncompliant. McCain's misconduct included: missing a drug test within his first week of participation, for which he served a 3-day jail sanction; missing a drug test a week later, for which he served a 5-day jail sanction; inappropriately and disrespectfully "watching Netflix during NA meetings," for which he served a 2-day jail sanction; failing to report a new law violation, for which he served a 2-day jail sanction; violating no-contact terms of his drug court contract by having contact with an unauthorized juvenile, for which he served a 7-day jail sanction; having continued unauthorized contact with the same individual while serving the sanction for violation of the no-contact provisions, for which he served a 14-day jail sanction; and defying the court's orders relating to housing and treatment, for which he served a 7-day jail sanction.

Due to McCain's failure to comply with the expectations of the drug court program, a hearing to terminate his

participation was scheduled for June 12, 2020. At the time of the termination hearing, McCain voluntarily withdrew from the drug court program, waiving his right to a formal termination hearing.

After McCain withdrew from the drug court program, a presentence investigation report (PSR) was ordered. The PSR shows that McCain's criminal history included only a citation for speeding, but he committed two additional offenses during his time in the drug court program: contributing to the delinquency of a minor and leaving the scene of an accident. McCain was assessed as at a high risk to reoffend. He was also assessed as very high or high risk in the following domains: leisure/recreation, companions, alcohol/drug problem, and pro-criminal attitude/orientation.

The PSR also indicated that McCain participated in a psychological evaluation while in the drug court program. He was diagnosed with "Other Specified Depressive Disorder Provisional Major Depressive Disorder, Cannabis Use Disorder, Moderate, in early or sustained remission, and Other Specified Trauma-and Stressor-Related Disorder." It was recommended that he participate in outpatient counseling. He was attending counseling at the time the PSR was prepared.

A sentencing hearing followed. McCain was 19 years old at the time of sentencing, and he was 18 years old at the time the offenses at issue were committed. At the hearing, the district court stated that McCain's drug court participation was "perplexing and frustrating" and that McCain had a "complete lack of motivation to do anything." It stated that McCain came up with "excuse after excuse" on why he could not get a job. The court further stated that it was going to give McCain the "benefit of the doubt that maybe [his] mental health issues made [him] somebody that was not appropriate for Drug Court to begin with." It stated that it was "reluctant to send [him] to prison at 19." The court sentenced McCain to 4 years' probation on count I, 4 years' probation on count II, and 2 years' probation on count III. The terms of probation were to be

served concurrently. It also sentenced McCain to 90 days in jail on count I. In calculating credit for time served, the district court stated that it showed "credit for 48 days . . . giving you credit for the sanctions you served in Drug Court." The State objected to the inclusion of drug court sanctions as credit for time served.

## ASSIGNMENTS OF ERROR

The State assigns that the trial court erred in (1) imposing excessively lenient sentences and (2) granting McCain credit for time served for drug court sanctions.

## STANDARD OF REVIEW

[1,2] When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. *State v. Felix*, 26 Neb. App. 53, 916 N.W.2d 604 (2018). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

[3] Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888.

## ANALYSIS

*Excessively Lenient Sentences.*

The State first assigns that McCain's sentences are excessively lenient. Possession of a controlled substance with intent to distribute (marijuana) is a Class IIA felony punishable by 0 to 20 years' imprisonment. See, Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 2020); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2018). Prohibited acts, a crime that involved McCain's utilizing money to obtain a controlled substance or to facilitate the manufacture, distribution, or delivery of a

controlled substance, is a Class IV felony punishable by 0 to 2 years' imprisonment, 0 to 12 months' postrelease supervision if imprisonment is imposed, a $10,000 fine, or both. See, § 28-416(17); § 28-105. Possession of a controlled substance (marijuana, over 1 ounce, less than 1 pound) is a Class III misdemeanor punishable by up to 3 months' imprisonment, a $500 fine, or both. See, § 28-416(11); Neb. Rev. Stat. § 28-106 (Reissue 2016). McCain was sentenced to 4 years' probation on both count I and count II, as well as 2 years' probation on count III. He was also sentenced to 90 days in jail on count I. McCain's sentences are within the statutory limits and, therefore, will not be disturbed absent an abuse of discretion.

[4-6] A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Felix, supra.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* But the court must have some reasonable factual basis for imposing a particular sentence. *Id.*

[7] In determining whether the sentence is excessively lenient, we consider the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent. *Id.* See Neb. Rev. Stat. § 29-2322 (Reissue 2016).

Neb. Rev. Stat. § 29-2260(2) (Reissue 2016) gives the court discretion to withhold a sentence of imprisonment for

an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required. Subsection (3) of § 29-2260 provides that the following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

The State contends that McCain's numerous violations of the terms and conditions of the drug court program demonstrate that he is not a good candidate for probation. It argues that because McCain did not comply with requirements of the drug court program, he will not comply with the requirements of probation. The State also notes that the PSR showed that

McCain was highly likely to reoffend. In addition, the State claims that in sentencing McCain, the court focused primarily on his young age, it did not undergo an analysis of the proper sentencing factors, and the sentences it imposed contradicted the statements it made prior to sentencing. The State further contends that the sentences promote disrespect for the law as they undermine the value of the drug court program.

At first blush, it does appear that McCain's sentences are lenient. He was sentenced to probation on two felonies and one misdemeanor after failing to meet the conditions of the drug court program. However, keeping in mind our standard of review and considering the applicable case law, we cannot find that the court abused its discretion in the sentences it imposed.

McCain was 19 years old at the time of sentencing, and his criminal history prior to these offenses consisted of a speeding ticket. Although the PSR showed McCain was assessed as at a high risk to reoffend, neither of the crimes at issue nor the subsequent crimes he committed involved violence. Further, his assessment showed no violent tendencies. At the time of sentencing, he was taking online college classes and living with his mother. Both McCain and his counsel stated that McCain had obtained a job and was set to start the following week. His psychological evaluation recommended that he continue living at home with his mother to help him build relationships with providers and supporters and to deal with his mental health and psychological issues. He had been diagnosed with "Other Specified Depressive Disorder Provisional Major Depressive Disorder, Cannabis Use Disorder, Moderate, in early or sustained remission, and Other Specified Trauma-and Stressor-Related Disorder." The evaluation also stated that he may be experiencing other psychiatric symptoms. It was recommended that he participate in outpatient counseling. He was participating in counseling at the time the PSR was prepared.

While we understand the State's argument that McCain's past performance in drug court would seem to make it unlikely

that he would follow terms of a probation order, we also recognize that should McCain fail on probation, the district court will retain the ability to sentence him to a period of incarceration. Therefore, should the State's prediction come to fruition, McCain will still be subject to yet further sentencing.

We recognize that McCain's lack of success in drug court could have supported a term of incarceration rather than probation; however, when reviewing sentences for excessive leniency, we do not review the sentence de novo and the standard is not what sentence we would have imposed. See *State v. Felix*, 26 Neb. App. 53, 916 N.W.2d 604 (2018). Keeping this standard in mind, we conclude that the sentences imposed do not constitute an abuse of discretion.

*Credit for Time Served.*

The State next assigns that the court erred in giving McCain credit for the jail time sanctions he served while participating in the drug court program. As previously stated, the court sentenced McCain to 90 days in jail on count I and gave him 48 days of credit for the sanctions he served. The State argues that McCain's periods of incarceration while in the program were not a result of the criminal charges, but, rather, were for conduct separate and distinct from the underlying criminal charges.

Neb. Rev. Stat. § 47-503 (Reissue 2010) provides, in relevant part, that credit against a jail term shall be given to any person sentenced to a county jail for time spent in jail as a result of the criminal charge for which the jail term is imposed, or as a result of conduct upon which such charge is based, to include: pretrial, during trial, pending sentencing, and pending appeal. The State argues that § 47-503 "contemplates credit only for conduct related to the underlying offense, not sanctions for violations relating to a defendant's voluntary participation in a treatment program." Brief for appellant at 13. It further contends that a defendant sanctioned for violating the rules of a drug court program is incarcerated for that

conduct, not for the conduct of the underlying offense. The State cites to *State v. Hutton*, 218 Neb. 420, 355 N.W.2d 518 (1984), in support of its argument that McCain is not entitled to credit for time served. The *Hutton* case held that credit for time served in a voluntary alcohol treatment program was not appropriately applied to a term of incarceration relating to a criminal charge.

McCain claims that *Hutton* is not applicable, as it relates to a defendant's spending time in a voluntary treatment facility as opposed to this case, where he served time in jail. We agree. Spending time in a treatment facility and spending time in jail are not the same, and § 47-503 specifically refers to credit for time spent in jail.

[8-10] The time periods McCain spent in jail were imposed for violations of the drug court program. Drug court is a post-plea or postadjudicatory drug and alcohol intensive supervision treatment program for eligible offenders. *State v. Workman*, 22 Neb. App. 223, 857 N.W.2d 349 (2014). See *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011). A drug court program participant pleads guilty and agrees to the terms and conditions of the program in exchange for the possibility of avoiding sentencing and, oftentimes, being allowed to withdraw the plea upon successful completion of the program. *State v. Shambley, supra*; *State v. Workman, supra*. If the participant is terminated from the program or withdraws before successful completion, then the conviction stands and the case is transferred back to the original court for sentencing. *Id*.

[11] When McCain agreed to plead guilty to the three criminal charges and participate in the drug court program, his sentencing for those crimes was deferred. Had he completed the program, he would have been allowed to withdraw his pleas and the case would have been dismissed. However, because he withdrew from the program before completion, the case went back to the district court for sentencing. Section 47-503(1) provides that credit shall be given for time spent in jail pending sentencing. Therefore, because McCain's sentencing was

deferred during the time he was participating in the drug court program, the time he spent in jail was pending sentencing.

The State argues, however, that McCain was incarcerated for conduct separate and distinct from the underlying criminal charges and that thus, his time spent in jail was not a result of the criminal charges. We disagree. McCain was in the drug court program because of the criminal charges. Although he spent time in jail for failing to comply with terms and conditions of the drug court program, the jail time was still related to the underlying charges. In other words, McCain was in the drug court program because of the criminal charges, and he would not have been in jail if not for the underlying charges. And again, the jail time was served prior to sentencing for the charges he pled guilty to.

[12] We conclude that the time McCain spent in jail while he was enrolled in the drug court program was a result of the underlying offenses, and that therefore, the credit for time served was appropriate.

## CONCLUSION

We conclude that the district court did not abuse its discretion in the sentences it imposed and did not err in giving McCain credit for jail time he served while participating in the drug court program.

AFFIRMED.